UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SUGAR BOWL CORPORATION,<br><br>Defendant. | No. 2:20-cv-00654-TLN-AC<br><br><br>ORDER |

This matter is before the court on defendant's motion to compel discovery. ECF No. 13. The parties submitted the required joint statement. ECF No. 18. The matter was submitted on the papers. ECF No. 16. Based on a review of the parties' arguments and the record, the motion to compel is GRANTED.

## I.   Introduction and Relevant Background

This is an insurance subrogation action in which plaintiff, Travelers Property Casualty Insurance Company ("Travelers") seeks to recover monies paid to its insured, Celia Cummings, from defendant Sugar Bowl Corporation ("Sugar Bowl"). In March of 2017, Cummings sustained snow load damage to her home at the Sugar Bowl Village. ECF No. 18 at 2. Cummings and Travelers alleged that Sugar Bowl failed and refused to timely remove snow when requested multiple times by Cummings, in accordance with the Sugar Bowl Village Services

1   Agreement. Id. at 9. Travelers alleges this delay in snow removal caused, at worst, or
2   exacerbated, at best, snow load damage to Cummings' home and deck. Id. Sugar Bowl denies
3   the allegations, contending in part that the deck and much of the home were in a dilapidated
4   condition prior to the snow events in March 2017. Id. at 10.

5       Cummings made a claim to Travelers for the damage to her home. Id. Travelers
6   determined that less than the amount claimed was due and owing. Id. Cummings contested that
7   determination, and eventually sued Travelers to cover more of the damage in Napa County state
8   court; the case was removed to the Federal District Court for the Northern District of California,
9   Case No. 4:19-CV-02485-DMR ("Cummings Case"). A settlement agreement was reached
10  ("Cummings Settlement") in that case on March 26, 2020 before Judge Robert Illman and basic
11  terms were set on the record in a sealed docket entry. Cummings Case ECF No. 23. A follow-up
12  settlement conference in the Cummings Case occurred on August 12, 2020, and the "settlement
13  agreement" was to be executed "within the next 30 days." Cummings Case ECF Nos. 37, 38. On
14  November 6, 2020, Travelers and Cummings stipulated to dismiss the Cummings Case and noted
15  on the record that "the matter has been resolved to the satisfaction of all parties." Cummings
16  Case ECF No. 42. There are no specific settlement terms on the public record. Travelers filed
17  this subrogation action against defendant Sugar Bowl on February 20, 2020, in the Nevada
18  County Superior Court (before being removed to the Eastern District). See Exhibit A to the
19  Declaration of Timothy M. Smith Supporting Defendant's Motion.

20                  **II.   Motion**

21      On November 4, 2021, Sugar Bowl moved to compel the production of documents from
22  Travelers. ECF No. 13. Specifically, Sugar Bowl is seeking production of the Cummings
23  Settlement agreement. The requests for production and responses at issue are as follows:

24      Request for Production No. 4:

25          All WRITINGS setting forth the terms and conditions of the
        resolution or settlement of Celia Cummings' claims against YOU in
26          the Federal District Court for the Northern District of California,
        Case No. 4:19-cv-02485-DMR.
27
    Travelers' Responses to Request for Production Nos. 4:
28

>Objection. TRAVELERS objects to this request as oppressive, harassing, and burdensome; the question also invades the attorney's work product privilege. C.C.P. §2018; Alpine v. Superior Court (1968) 259 Cal.App.2d 45; Burke v. Superior Court (1969) 71 Cal.2d 276. Attorney-client privilege protects disclosure of the information sought. Evid. Code §952; Brown v. Superior Court (1963) 218 Cal.App.2d 430. Evid. Code §952. Oppressive, harassing, and burdensome; the information sought seeks responding party's counsel's legal analysis and theories regarding laws, ordinances, safety orders, etc., which are equally available to defendant; the question also invades the attorney's work product privilege. C.C.P. §2018; Alpine v. Superior Court (1968) 259 Cal.App.2d 45; Burke v. Superior Court (1969) 71 Cal.2d 276. California Code, Evidence Code § 1123. Evid. Code 1152 and potentially subdivision (h) of Section 790.03 of the Insurance Code protects any and all settlement communications requested herein. This matter is not being handled by Travelers' staff counsel, but rather panel counsel. Without waiving and subject to these and general objections and pursuant to California Code of Civil Procedure Section 2031.220, Responding Party will not be producing documents in response to this request.

Request for Production No. 16:

>All WRITINGS describing the terms and conditions of the settlement that led to the Joint Stipulation For Dismissal that was filed in the United States District Court for the Northern District of California, as reflected in Exhibit "A" hereto.

Travelers' Response to Request for Production Set Two, No. 16

>Objection. TRAVELERS objects to this request as oppressive, harassing, and burdensome; the question also invades the attorney's work product privilege. C.C.P. §2018; Alpine v. Superior Court (1968) 259 Cal.App.2d 45; Burke v. Superior Court (1969) 71 Cal.2d 276. Attorney-client privilege protects disclosure of the information sought. Evid. Code §952; Brown v. Superior Court (1963) 218 Cal.App.2d 430. Evid. Code §952. Oppressive, harassing, and burdensome; the information sought seeks responding party's counsel's legal analysis and theories regarding laws, ordinances, safety orders, etc., which are equally available to defendant; the question also invades the attorney's work product privilege. C.C.P.
>
>§2018; Alpine v. Superior Court (1968) 259 Cal.App.2d 45; Burke v. Superior Court (1969) 71 Cal.2d 276. Evid. Code 1152 and potentially subdivision (h) of Section 790.03 of the Insurance Code protects any and all settlement communications requested herein. This matter is not being handled by Travelers' staff counsel.

Celia Cummings was deposed on July 26, 2021 and was asked about the Cummings Settlement. ECF No. 18 at 16. Ms. Cummings objected that she was bound by a confidentiality agreement with Travelers and stated that she was not permitted to, without their consent, disclose the terms of the settlement. Id.

The parties detailed their meet and confer efforts in their joint statement. ECF No. 18 at 2. During these conferences, Sugar Bowl argued that production of the Cummings Settlement is critical to this case because it sets forth the terms and conditions of settlement, including possible terms that may "materially affect the rights of both Travelers and Defendant Sugar Bowl in the present action." ECF No. 18 at 3. Travelers argues that the Cummings Settlement is confidential and is irrelevant in any case because Travelers is seeking subrogation only of sums paid pursuant to the policy which are independently verifiable without reference to the Settlement. ECF No. 18 at 5-6. Unable to resolve the disagreement through meet and confer, Sugar Bowl filed the instant motion.

### III. Analysis

#### A. Legal Standard for Motion to Compel

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Under Federal Rule of Civil Procedure 37(a)(3)(B), a motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted ... as requested under Rule 34." The party seeking to compel discovery has the burden of showing that the discovery sought is

4

relevant or that its denial will cause substantial prejudice.  Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  The opposing party is "required to carry a heavy burden of showing why discovery was denied."  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

      B. Relevance and Burden

In its objections to the RFPs Travelers references both attorney client privilege and work product doctrine, but neither are substantively addressed in the joint statement.  Though Travelers does repeatedly assert the Cummings Settlement is "confidential," (see ECF No. 18 at 24), confidentiality is not a privilege and Sugar Bowl has stated on the record its willingness to enter a stipulated protective order to address confidentiality concerns.  ECF No. 18 at 4.  This is, of course, sufficient.  The motion therefore turns on whether the Cummings Settlement is relevant to the instant case, where Travelers asserts it has independently supported its damages and the only damages claimed are those paid directly pursuant to the policy.

"In the case of insurance, subrogation takes the form of an insurer's right to be put in the position of the insured in order to pursue recovery from third parties legally responsible to the insured for a loss which the insurer has both insured and paid."  Fireman's Fund Ins. Co. v. Maryland Cas. Co., 65 Cal. App. 4th 1279, 1291–92 (1998).  "The essential elements of an insurer's cause of action for equitable subrogation are as follows: (a) the insured suffered a loss for which the defendant is liable, either as the wrongdoer whose act or omission caused the loss or because the defendant is legally responsible to the insured for the loss caused by the wrongdoer; (b) the claimed loss was one for which the insurer was not primarily liable; (c) the insurer has compensated the insured in whole or in part for the same loss for which the defendant is primarily liable; (d) the insurer has paid the claim of its insured to protect its own interest and not as a volunteer; (e) the insured has an existing, assignable cause of action against the defendant which the insured could have asserted for its own benefit had it not been compensated for its loss by the insurer; (f) the insurer has suffered damages caused by the act or omission upon which the liability of the defendant depends; (g) justice requires that the loss be entirely shifted from the insurer to the defendant, whose equitable position is inferior to that of the insurer; and (h) the insurer's damages are in a liquidated sum, generally the amount paid to the insured."

Id. at 1292; see also, Progressive West Ins. Co. v. Superior Court, 135 Cal. App. 4th 263, 272 (2006). "[A]n insurer cannot acquire by subrogation anything to which the insured has no rights, and may claim no rights which the insured does not have." Transcon. Ins. Co. v. Ins. Co. of Pennsylvania, 148 Cal. App. 4th 1296, 1305 (2007) (internal quotation marks omitted) (quoting Fireman's Fund Ins. Co., 65 Cal. App. 4th at 1293).

A settlement between the insured and insurer may impact the insurer's subrogation rights, depending on the terms of the agreement. The terms may, for example, indicate whether Travelers waived subrogation rights, acted in any way as a volunteer, or paid different amounts than what it claims and independently supports in this case. See, e.g., Essex Ins. Co. v. Heck, 186 Cal. App. 4th 1513, 1524 (2010). Travelers assures Sugar Bowl that the settlement agreement does not contain terms that impact its right to subrogation, but Sugar Bowls is not obligated to simply take Travelers' word for it. Travelers has not cited any case law or other authority supporting its claim that an underlying settlement agreement that is the impetus for a subrogation action is irrelevant to that subrogation action. ECF No. 18 at 20-21. The court is aware of none. The court finds that the settlement agreement is relevant and discoverable.

## IV.    Conclusion

For the reasons explained above, it is hereby ordered that the motion to compel at ECF No. 13 is GRANTED. The parties are ORDERED to file a stipulated protective order within 10 days of this order. Plaintiff is ORDERED to produce the settlement agreement within 5 days of entry of the stipulated protective order.

DATED: December 20, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE